UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MORGAN & CURTIS ASSOCIATES, INC., on behalf of itself and all others similarly situated,

                Plaintiff,

      -vs.-

KINGSUN USA INC., KINGSUN DISTRIBUTION CORP. and FUYUN JI,

                Defendants.

14 CV _____

Complaint

Class Action

Jury Demanded

## COMPLAINT

Plaintiff Morgan & Curtis Associates, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this action against Kingsun USA Inc. ("Kingsun USA"), Kingsun Distribution Corp. ("Kingsun Distribution") and Fuyun Ji ("Ji")(Kingsun USA and Kingsun Distribution are collectively referred to as "Kingsun") (Kingsun USA, Kingsun Distribution and Fuyun Ji are collectively referred to as "Defendants") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and N.Y. General Business Law ("GBL") § 396-aa. Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes. In addition, the TCPA and regulations promulgated pursuant to it prohibit the sending of unsolicited as well as solicited fax advertisements that do not contain properly worded opt-out notices. The New York legislature enacted GBL § 396-aa for similar purposes.

2. Upon information and belief, Defendants have jointly and severally sent or caused to be sent out over five thousand (5,000) unsolicited and solicited fax advertisements for goods and/or services without proper opt-out notices to persons throughout the United States within the applicable limitations period for the TCPA, which is four years. As a result, Defendants are liable to Plaintiff and the proposed Classes A and B of similarly situated persons under the TCPA.

3. Upon information and belief, Defendants have jointly and severally caused to be sent out thousands of fax advertisements for goods and/or services that were unsolicited and lacked proper opt-out notices to persons throughout New York state within the applicable limitations period for GBL §396-aa, which is three years. As a result, Defendants are liable to Plaintiff and the proposed Class C of similarly situated persons under GBL § 396-aa.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because, upon information and belief, this is the judicial district in which any Defendant resides.

6. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's and Class C's claims under GBL § 396-aa.

## THE PARTIES

7. Plaintiff is a New York corporation with its principal place of business located at 95 Broadway, Hicksville, New York 11801.

8. Upon information and belief, defendant Kingsun USA is a New York Corporation with its principal place of business in Queens, New York.

9. Upon information and belief, defendant Kingsun Distribution is a New York Corporation with its principal place of business in Queens, New York.

10. Upon information and belief, Ji resides in Queens, New York and is the Chief Executive Officer of Kingsun USA.

## DEFENDANTS' ILLEGAL JUNK FAXES

11. At all times relevant to this action, Plaintiff had telephone service at its place of business located at 95 Broadway, Hicksville, New York 11801. Plaintiff receives facsimile transmissions on its telephone facsimile machine at this location.

12. Upon information and belief, on or about November, 2013, Defendants, jointly and severally, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send an unsolicited fax advertisement (the "Fax Advertisement") advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located at located at 95 Broadway, Hicksville, New York 11801. A copy of the Fax Advertisement are attached hereto as Exhibit A and are incorporated into this Complaint by reference.

13. Plaintiff did not provide Defendants with express invitation or permission to send any fax advertisements to Plaintiff. The Fax Advertisement was wholly unsolicited.

14. The Fax Advertisements contain a purported opt-out notice that states: "If you do not wish to receive this fax again, please fax back to 718-732-2277 with a note and your fax number. Please do not call."

3

15. The opt-out notices on the Fax Advertisement violates the TCPA and regulations in numerous ways, including but not limited to, that the opt-out notice:

(A) fails to provide a cost-free mechanism to which the recipient may transmit an opt-out request;

(B) fails to contain a domestic contact telephone number (other than a facsimile machine number) which the recipient can call to request to opt-out from receiving future fax advertisements;

(C) fails to state that the sender's failure to comply with an opt-out request within 30 days is unlawful; and

(D) fails to state that a recipient's opt-out request will be effective so long as that person does not, subsequent to making such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements.

16. The Opt-Out Notices or the lack thereof in the Fax Advertisements violates GBL § 396-aa because, among other things, they

(A) fails to provide a separate cost-free mechanism, including a website address or email address, to which the recipient may transmit an opt-out notice; and

(B) fails to state that a recipient may make an opt-out request by written, oral or electronic means.

17. Upon information and belief, Defendants either negligently or willfully and/or knowingly arranged for and/or caused the Fax Advertisement to be sent to Plaintiff's fax machine.

18. Upon information and belief, Defendants have, from four years prior to

4

the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited and/or solicited* fax advertisements advertising the commercial availability or quality of Kingsun's property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States. Upon information and belief, those fax advertisements contained a notice identical or substantially similar to the Opt-Out Notice contained in the Fax Advertisement sent to Plaintiff.

19. Upon information and belief, Defendants have, from four years prior to the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited* fax advertisements advertising the commercial availability or quality of Kingsun's property, goods, or services, to fax machines and/or computers belonging to thousands of persons throughout the United States. Upon information and belief, those facsimile advertisements contained an opt-out notice identical or substantially similar to the Opt-Out Notice contained in the Fax Advertisement sent to Plaintiff.

20. Upon information and belief, Defendants have, from three years prior to the filing of the Complaint in this action to the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent thousands of *unsolicited* fax advertisements advertising the commercial availability or quality of Kingsun's property, goods, or services, to fax machines and/or computers belonging to thousands of persons in New York State. Upon information and belief, those facsimile advertisements contained an opt-out notice identical or substantially similar to the Opt-Out Notice

contained in the Fax Advertisement sent to Plaintiff.

21. Upon information and belief, Ji specifically, individually and personally directed and authorized all of the fax advertisements described above to be sent by fax, was intimately involved in the program to send these fax advertisements, including the design of the fax advertisements and authorized payment for the sending of those fax advertisements. Upon information and belief Ji was the guiding spirit and central figure behind these fax advertisements being sent in the manner in which they were sent.

## CLASS ALLEGATIONS

22. Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-(3) of the Federal Rules of Civil Procedure.

23. Plaintiff seeks to represent three classes (the "Classes") of individuals, each defined as follows:

> Class A: All persons from four years prior to the date of the filing of the Complaint through the present to whom Defendants sent or caused to be sent at least one *solicited or unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement Defendants sent or caused to be sent to Plaintiff.

> Class B: All persons from four years prior to the date of the filing of the Complaint through the present to whom Defendants sent or caused to be sent at least one *unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice on the Fax Advertisement Defendants sent or caused to be sent to Plaintiff.

6

Class C: All persons in the State of New York to whom, from three years prior to the date of the filing of the Complaint to the present, Defendants sent or caused to be sent at least one facsimile advertisement without having obtained express invitation or permission to do so and/or that contained a notice identical or substantially similar to the Opt-Out Notice on the Fax Advertisement Defendants sent or caused to be sent to Plaintiff.

24. <u>Numerosity</u>: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit the parties and this Court. Upon information and belief there are, at a minimum, thousands of class members of Classes A, B and C. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendants' records, including Defendants' fax and marketing records.

25. Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

26. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of Class A because the claims of Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and members of Class A were sent or caused to be sent by Defendants at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice

7

in the Fax Advertisement that Defendants sent or caused to be sent to Plaintiff.

27. Plaintiff's claims are typical of the claims of the members of Class B because the claims of Plaintiff and members of Class B are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and the members of Class B were sent or caused to be sent by Defendants, without Plaintiff's or the Class B members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement that Defendants sent or caused to be sent to Plaintiff.

28. Plaintiff's claims are typical of the claims of the members of Class C because the claims of Plaintiff and members of Class C are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and members of Class C were sent or caused to be sent by Defendants, without Plaintiff's or the Class C members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement that Defendants sent or caused to be sent to Plaintiff.

29. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

30. The questions of fact and law common to Plaintiff and Class A predominate over questions that may affect individual members, and include:

> (a) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class A, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property,

goods or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b)  Whether Defendants' sending and/or causing to be sent such fax advertisements was knowing or willful;

(c)  Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendants' conduct;

(d) Whether Plaintiff and members of Class A are entitled to multiple statutory damages per fax advertisement Defendants sent or caused to be sent to them because each fax advertisement contains multiple violations of the TCPA and the regulations promulgated thereunder?;  and

(e)  Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

31. The questions of fact and law common to Plaintiff and Class B predominate over questions that may affect individual members, and include:

(a) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class B, without Plaintiff's or the Class B members' express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services that contained a notice identical or substantially similar to the Opt-Out Notice in the Fax Advertisement violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class B such unsolicited fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class B are entitled to statutory damages, triple damages and costs for Defendants' conduct;

(d) Whether Plaintiff and members of Class B are entitled to multiple statutory damages per fax advertisement Defendants sent or caused to be sent to them because each fax advertisement contains multiple violations of the TCPA and the regulations promulgated thereunder?; and

(e) Whether Plaintiff and members of Class B are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

32. The questions of fact and law common to Plaintiff and Class C predominate over questions that may affect individual members, and include:

(a) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class C, without Plaintiff's and Class C's express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services, violated GBL § 396-aa;

(b) Whether Plaintiff and the members of Class C are entitled to statutory damages for Defendants' conduct; and

(c) Whether Plaintiff and members of Class C are entitled to multiple statutory damages per fax advertisement Defendants sent or cause to be sent to them because each fax advertisement contains multiple violations of GBL 396-aa?

.

33.     Adequacy of Representation:  Plaintiff is an adequate representative of the Classes because its interests do not conflict with the interests of the members of the Classes.  Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes.  Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts, class action litigation, and TCPA cases.

34.     Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the Classes' claims.  While the aggregate damages that may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small.  The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them.  The likelihood of the individual Class members' prosecuting separate claims is remote.  Plaintiff is unaware of any other litigation concerning this controversy already commenced against Defendants by any member of the Classes.

35.     Individualized litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  The conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

36.     Injunctive Relief:  Defendants have acted on grounds generally applicable

to the members of Classes A and B, thereby making appropriate final injunctive relief with respect to Classes A and B.

## FIRST CLAIM FOR VIOLATION OF THE TCPA

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-36.

38. By the conduct described above, Defendants committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class A, to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class A were either (a) unsolicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder, or (b) solicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder.

39. Plaintiff and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

40. If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent fax advertisements that did not contain a notice satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class A, Plaintiff requests that the Court increase the damage award against Defendants to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## SECOND CLAIM FOR VIOLATION OF THE TCPA

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-36.

42. By the conduct described above, Defendants committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class B, to wit:  the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class B were unsolicited and did not contain notices satisfying the requirements of the TCPA and regulations thereunder.

43. Plaintiff and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

44. If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements that did not contain a notice satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class B, Plaintiff requests that the Court increase the damage award against Defendants to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## THIRD CLAIM FOR INJUNCTIVE RELIEF

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-36.

46. Defendants committed thousands of violations of 47 U.S.C. § 227(b).

47. Under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of Classes A and B are entitled to an injunction against Defendants, prohibiting Defendants from committing further violations of the TCPA and regulations thereunder.

## FOURTH CLAIM FOR VIOLATION OF GBL § 396-aa

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-36.

49. By the conduct described above, Defendants committed numerous violations of GBL § 396-aa against Plaintiff and the members of Class C, to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class C were unsolicited and/or did not contain notices satisfying the requirements of GBL § 396-aa.

50. Pursuant to GBL § 396-aa, Plaintiff and the members of Class C are entitled to statutory damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, requests:

A. An order certifying the Classes, appointing Plaintiff as the representative of the Classes, and appointing Aytan Y. Bellin of Bellin & Associates LLC as counsel for the Classes;

B. an award to Plaintiff and the members of Classes A and B of statutory damages in excess of $2,500,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), for Defendants' violations of that statute and the regulations promulgated thereunder;

C. if it is found that Defendants willfully and/or knowingly sent and/or caused to be sent the fax advertisements alleged to classes A and/or B, an award of three times the amount of damages described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3);

D. an injunction against Defendants prohibiting them from committing further violations of the TCPA and regulations described above;

E.   an award to Plaintiff and the members of Class C of statutory damages of $100 per violation of GBL § 396-aa in an aggregate amount to be determined at trial; and

F.   such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
       October 1, 2014

                          MORGAN & CURTIS ASSOCIATES,
                          INC. ON BEHALF OF ITSELF AND
                          ALL OTHERS SIMILARLY SITUATED

By: /s/ Aytan Y. Bellin
Aytan Y. Bellin
Bellin & Associates LLC
85 Miles Avenue
White Plains, NY 10606
(914) 358-5345
Fax: (212) 571-0284
aytan.bellin@bellinlaw.com

# EXHIBIT A

## Manufacturer's Monthly Newsletter

Nov. 8th, 2013

## Kingsun Distribution Center

Recommending our new arrivals:



### KSK-1114C-Chrome

### KSK1114BN-Brushed Nickel

Single Handle Kitchen Faucet
2-Function Pull-down Sprayer
Single hole or 8" 3 hole installation
Solid Brass Build & Ceramic Cartridge
Package: 6 PCS/BOX
List Price:
**Chrome: $264.57**
**B Nichel: $300.65**



KSF302010S
30" x 20" x 10"



KSF332010D



### KSK-1110C-Chrome

### KSK1110BN-Brushed Nickel

Single Handle Kitchen Faucet
2-Function Pullout Sprayer
Single hole or 8" 3 hole installation
Solid Brass & Ceramic Cartridge
Package: 6 PCS/BOX
List Price:
**Chrome: $264.57**
**B Nichel: $300.65**



KSH22189S & KSH301810S



KSU23189 & KSU32199



### KSK-1113 (C & BN)

Single Handle Kitchen Faucet
2-Function Pullout Sprayer
Single hole or 8" 3 hole installation
Solid brass with ceramic cartridge
Package: 6 Pcs per box
List Price: **Chrome: $160.36**
**B.Nichel: $184.40**



KSU23219

KST25228, 255226

| Multiplier: 1+ List x 0.40 | 12+ List x 0.30 | 24+ List x 0.25 | Shipping fees apply |
|---|---|---|---|

Price may change without prior notice. Please call or email for details.

If you do not wish to receive this fax again, please fax back to 718-732-2277 with a note & your fax number. Please do not call.

58-38 59th Street, Maspeth, NY 11378    www.okkbs.com
TEL: 718-666-6237 FAX: 718-732-2277    kingsunusa@gmail.com